POOLER, Circuit Judge,
concurring in part and dissenting in part:
I respectfully dissent from the Court’s decision to affirm the district court’s imposition of a two-level sentence enhancement under Section 2G1.3(b)(2) of the United States Sentencing Guidelines Manual (“U.S.S.G.” or “Guidelines”). The district court applied this enhancement to Wat *267 bins’s sentence without finding that his conduct qualified for the enhancement. This case should thus be remanded to the district court so that the court has an opportunity either to make the necessary findings that justify imposing the enhancement or else to resentence Watkins without it.
I. Subsection (b)(2)(A)
A district court may apply the sentencing enhancement under Section 2G1.3(b)(2) if either one of two conditions is satisfied. The first condition, described in subsection (b)(2)(A), permits a district court to impose the enhancement if “the offense involved the knowing misrepresentation of a participant’s identity to persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in prohibited sexual conduct.” U.S.S.G. § 2G1.3(b)(2)(A).
A district court cannot, however, simply conclude that the enhancement should apply without finding that the defendant’s conduct qualifies for the enhancement. See United States v. Ahders, 622 F.3d 115, 119 (2d Cir.2010) (per curiam) (“A district court must make specific factual findings, by a preponderance of the evidence, to support any sentencing enhancement under the Guidelines.” (internal quotation marks omitted)). With that said, “[a] district court need not specifically recite all the facts relevant to its Guidelines calculation; rather, it is sufficient for the district court to adopt the findings in the presentence report — if those findings are adequate to support the sentence imposed.” Id.
There is no dispute that Watkins knowingly misrepresented his identity to Jane Doe by lying about his age. See U.S.S.G. § 2G1.3, cmt. n. 3(A). But such a misrepresentation, standing alone, does not provide a basis to apply the enhancement. Subsection (b)(2)(A) requires a “knowing misrepresentation of a participant’s identity to persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in prohibited sexual conduct.” U.S.S.G. § 2G1.3(b)(2)(A) (emphasis added). As the commentary accompanying the Guidelines makes clear, the misrepresentation must be “made with the intent to persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in prohibited sexual conduct.” U.S.S.G. § 2G1.3, cmt. n. 3(A) (emphasis added); see also id. (“[U]se of a computer screen name, without such intent, would not be a sufficient basis for application of the enhancement.” (emphasis added)).
The district court adopted the findings contained in the presentence report, an addendum to which stated:
The probation officer notes it is likely the defendant misrepresented himself as ten years younger than his actual age in order to persuade the minor victim into having sexual relations with him, presumably in belief that if the age difference were not as great, she would be more likely to agree to engage in such conduct.
App. 55 (emphasis added). But I do not believe that a district court’s finding that a defendant’s conduct “likely,” id., qualified for an enhancement is sufficient to support imposition of the enhancement. In order for subsection (b)(2)(A) to apply, a district court must conclude that “the offense involved the knowing misrepresentation of a participant’s identity to persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in prohibited sexual conduct.” U.S.S.G. § 2G1.3(b)(2)(A). While Watkins may have “likely” engaged in conduct that would justify the imposition of the enhancement under subsection (b)(2)(A), App. 55, the district court never determined whether he did in fact misrepresent himself in order to engage in the *268 sexual activity at issue or not. An equivocal finding — that a defendant’s conduct probably qualified for a sentencing enhancement — is no finding at all in this context. In my view, it lacks “sufficient clarity to permit meaningful appellate review.” United States v. Skys, 637 F.3d 146, 152 (2d Cir.2011). The district court has deprived us of the opportunity to review its conclusion precisely because no definitive conclusion was ever made.
The Court overlooks this failing by making its own factual findings based on its own interpretation of the evidence. The Court states that “the evidence in the record supports a finding that Watkins’ primary (if not only) objective in communicating with Doe was to engage in ‘prohibited sexual conduct’ with her.” Majority Op. at 263. This might very well be true. Indeed, we might guess as to whether the court would have concluded that Watkins’s conduct did in fact qualify for the enhancement. But I do not think we should affirm a defendant’s sentence based on a hunch, even a strong one. See United States v. Feldman, 647 F.3d 450, 459 (2d Cir.2011) (“[Tjhis Court cannot assume, without unambiguous indication to the contrary, that the sentence would be the same absent the error.”); cf. United States v. Crosby, 397 F.3d 103, 117-18 (2d Cir.2005) (“Perhaps in some cases an appellate court could make an educated guess as to the likely outcome of a remand, but that guess might be wrong____”).
II. Subsection (b)(2)(B)
The Guidelines also permit a district court to impose the enhancement under Section 2G1.3(b)(2) if “a participant ... unduly influenced a minor to engage in prohibited sexual conduct.” U.S.S.G. § 2G1.3(b)(2)(B). The relevant commentary for subsection (b)(2)(B) specifies: “In a case in which a participant is at least 10 years older than the minor, there shall be a rebuttable presumption that subsection (b)(2)(B) applies.” U.S.S.G. § 2G1.3 cmt. n. 3(B) (emphasis added). Moreover, whether or not the presumption applies, “the court should closely consider the facts of the case to determine whether a participant’s influence over the minor compromised the voluntariness of the minor’s behavior.” Id. (emphasis added).
Watkins has argued that the evidence in the record, including the electronic communications between him and Doe, demonstrates that he did not compromise the voluntariness of her behavior. Specifically, Watkins argued that “[t]he text of the exchanges reveals a 15 year old who was actively pursuing a relationship with an older person.” App. 53. Indeed, Watkins’s counsel told the district court that “she’s teasing him and ... she talks about looking forward to having sex with him, telling him how much she loved him.” App. 61.
Despite Watkins’s objections, and his arguments that the evidence suggested that the enhancement should not apply, the district court made no effort to weigh the evidence and determine if Watkins had rebutted the presumption of undue influence. Instead, the court simply adopted the findings of the presentence report, the addendum to which stated: “A 15 year old cannot legally ‘actively pursue a relationship with an older person.’ She is not old enough to consent to such.” App. 55. In effect, the district court concluded that the enhancement under subsection (b)(2)(B) should apply simply because Watkins was more than 10 years older than Doe and Doe was 15 years old at the time of the sexual activity.
This mandatory application of the enhancement under subsection (b)(2)(B) is wholly unsupported by either the Guidelines provision itself or the accompanying *269 commentary. The fact that Watkins was at least 10 years older than Doe merely raised “a rebuttable presumption that subsection (b)(2)(B) applies.” U.S.S.G. § 2G1.3 cmt. n. 3(B) (emphasis added). The district court made no effort to assess whether Watkins had rebutted that presumption.
If the Sentencing Commission had intended to make the enhancement mandatory for victims of a certain age, it could have. Indeed, another enhancement under the same section of the Guidelines does just that, applying an eight-level increase to certain offenses “involving] a minor who had not attained the age of 12 years.” U.S.S.G. § 2G1.3(b)(5). In other words, the Commission specifically chose to create a mandatory enhancement based on the age of the victim under subsection (b)(5), which applies regardless of whether the defendant in fact compromised the voluntariness of the victim’s behavior. The Commission perhaps concluded that a mandatory enhancement in such cases involving victims below 12 years of age was appropriate because such victims — as a general matter and without any inquiry into the particular facts of the case — are not old enough to agree voluntarily to engage in prohibited sexual activity with a person at least 10 years their senior. But no such mandatory enhancement applies to 15-year-old victims. And the district court cannot create such a rule itself. Such a policy decision is for the Commission and ultimately for Congress. Therefore, the district court erred by applying the enhancement under subsection (b)(2)(B) without finding that Watkins “unduly influenced” his victim. U.S.S.G. § 2G1.3(b)(2)(B).
The Court ignores this crucial error, finding that “it is clear that Watkins failed to offer any evidence rebutting the presumption.” Majority Op. at 265. But that determination — that Watkins’s evidence failed to overcome the presumption against him — is precisely the sort of factual finding that the district court, not a court of appeals, is required to make. If the district court determined that Watkins had failed to rebut the presumption against him, it should have said so on the record. But the court never made such a finding. The Court’s belated attempt to assess the evidence on behalf of the district court does not remedy the mistake.
CONCLUSION
We should not affirm Watkins’s sentence because the district court never made factual findings necessary to support the enhancement under either subsection (b)(2)(A) or (b)(2)(B). The Court attempts to sidestep the district court’s errors by concluding that the enhancement was justified because the evidence would have supported a finding both that Watkins misrepresented his age in order “to engage in prohibited sexual conduct,” U.S.S.G. § 2G1.3(b)(2)(A), and that he “unduly influenced a minor to engage in prohibited sexual conduct,” U.S.S.G. § 2G1.3(b)(2)(B). But the district court never made or adopted such findings in the first place. The district court, not the court of appeals, is required to determine whether a defendant’s conduct qualifies for a particular sentencing enhancement. We review a district court’s decision for errors; we do not fix its mistakes.
For the foregoing reasons, I respectfully dissent from the Court’s decision to affirm the district court’s imposition of an enhancement under Section 2G1.3(b)(2) of the Guidelines. I join in the remainder of the Court’s opinion.