13-2827-cr
United States v. Ahders

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 13th day of May, two thousand fourteen.

Present:    ROBERT A. KATZMANN,
                        *Chief Judge*,
            PETER W. HALL,
            DENNY CHIN,
                        *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                        *Appellee*,

            v.                                              No. 13-2827

STEVEN AHDERS,

                        *Defendant-Appellant*.

_____

For Defendant-Appellant:        George Baird, Assistant Federal Public Defender, and Molly
                                Corbett, *for* Lisa A. Peebles, Federal Public Defender for the
                                Northern District of New York, Albany, NY.

For Appellee:                   Thomas Spina, Jr., and Paul D. Silver, Assistant United States
                                Attorneys, *for* Richard S. Hartunian, United States Attorney for
                                the Northern District of New York, Albany, NY.

Appeal from the United States District Court for the Northern District of New York (Mordue, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Steven Ahders appeals from an amended judgment entered on July 18, 2013, by the United States District Court for the Northern District of New York (Mordue, *J.*), sentencing him to fifty years in prison for production of child pornography. On appeal, Ahders asserts that his sentence was procedurally unreasonable. In particular, he claims that (1) the district court lacked a sufficient factual basis for its finding that his offense "involved material that portrays sadistic or masochistic conduct," U.S.S.G. § 2G2.1(b)(4), and (2) the district court improperly placed the burden on him to prove that this sentencing enhancement did not apply. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review the reasonableness of a district court's sentence for abuse of discretion. *See United States v. Mi Sun Cho*, 713 F.3d 716, 722 (2d Cir. 2013). A sentence is procedurally unreasonable if the district court "fails to properly calculate the guideline range or rests its sentence on a clearly erroneous finding of fact." *Id.* The burden of proving facts that support the application of a sentencing enhancement is on the government, and the necessary facts must be proven by a preponderance of the evidence. *United States v. Archer*, 671 F.3d 149, 161 (2d Cir. 2011).

Ahders argues first that the government did not adequately prove that the images at issue portrayed sadistic conduct. It is true that the government did not introduce copies of the alleged

images.[1] However, the district court did have before it evidence of statements made to law enforcement by the child whom Ahders abused. In those statements, the child reported that Ahders had on occasion tied him by his wrists to the headboard of his mother's bed or to the handlebars of a bike, blindfolded him, anally raped him, and recorded the abuse on videotapes or still photographs. The district court found those statements credible, and they are more than sufficient to prove by a preponderance of the evidence that the present offense involved material that portrayed sadistic conduct. *See United States v. Ahders*, 622 F.3d 115, 121 (2d Cir. 2010) (per curiam) (noting that images of a child in bondage "surely are sadomasochistic in nature").

Ahders next argues that the district court improperly shifted the burden of proof onto his shoulders. It did not. The district court simply recognized that the government had presented evidence showing that the present offense involved material portraying sadistic conduct, and that Ahders had failed to rebut that evidence.

We have considered Ahders's remaining arguments and find they lack merit. For the reasons given above, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[1] The district court found that the images were not available, and intimated that they might have been erased or deleted by Ahders himself.

3