22-800-cr
*United States v. Green*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of November, two thousand twenty-three.

Present:

> PIERRE N. LEVAL,
> BARRINGTON D. PARKER,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                22-800-cr

KASMIR GREEN, AKA SEALED DEFENDANT,

> *Defendant-Appellant*.

---

For Appellee:                                  MATTHEW R. SHAHABIAN (David Abramowicz, *on the brief*), Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY

For Defendant-Appellant:              SARAH KUNSTLER, Law Office of Sarah Kunstler, Brooklyn, NY

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Lewis A. Kaplan, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Kasmir Green appeals from a judgment of the United States District Court for the Southern District of New York (Lewis A. Kaplan, *District Judge*), entered on April 6, 2022, sentencing Green to 100 months of imprisonment, to be followed by three years of supervised release. Green pled guilty to being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Sentencing Guidelines provision applicable to Green's offense is § 2K2.1, which contains a cross-reference setting forth a higher base offense level for the use or possession of a firearm in the attempted commission of another offense. *See* U.S.S.G. § 2K2.1(c). In calculating the Guidelines range, the district court determined that Green's conduct—which involved him firing numerous shots at a victim from the window of a speeding car—constituted attempted first-degree murder, and therefore cross-referenced the base offense level for attempted first-degree murder under U.S.S.G. §§ 2A2.1 and 2X1.1. This resulted in a base offense level of 33, which was reduced by 3 levels for Green's acceptance of responsibility. Coupled with Green's criminal history category of I, this led to a Guidelines range of 97-120 months of imprisonment. We assume the parties' familiarity with the case.

On appeal, Green argues that his sentence was both procedurally and substantively unreasonable. "We review a sentence for procedural and substantive reasonableness under a deferential abuse-of-discretion standard." *United States v. Thavaraja*, 740 F.3d 253, 258 (2d Cir.

2014).[1]  "The abuse-of-discretion standard incorporates *de novo* review of questions of law (including interpretations of the Guidelines) and clear-error review of questions of fact." *United States v. Vargas*, 961 F.3d 566, 570 (2d Cir. 2020).  "A finding of fact is clearly erroneous only if the appellate court is left with the definite and firm conviction that a mistake has been committed." *United States v. Rizzo*, 349 F.3d 94, 98 (2d Cir. 2003).

Beginning with procedural reasonableness, Green argues that the evidence did not support a finding that he attempted to commit first-degree murder, and in any event that the district court failed to make adequate findings to support such a conclusion.  In the Guidelines, attempted first-degree murder is defined by reference to the federal murder statute, *see* U.S.S.G. § 2A2.1 Application Note 1, which requires "a specific intent to kill," *United States v. Kwong*, 14 F.3d 189, 194 (2d Cir. 1994).  Therefore, to apply the cross-referenced base offense level for attempted murder under § 2K2.1(c), the district court was required to make "specific factual findings" regarding Green's specific intent to kill.  *United States v. Ahders*, 622 F.3d 115, 119 (2d Cir. 2010).

We hold that the district court made adequate findings regarding Green's specific intent to kill, and that its findings were not clearly erroneous.  The district court stated that the ammunition "was possessed in connection with an attempted murder," and that there was "no other reasonable explanation for the shooting."  App'x at 83, 84.  The district court observed that Green's claim that he fired only "warning shots" made "no sense at all," and that Green fired six shots "at a level that's roughly equivalent to the torso of a human being standing on the sidewalk rather than up in the air."  *Id.* at 84.  These observations immediately followed the district court's finding that Green had "attempted murder" and explain the district court's rationale for rejecting the defense argument

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, footnotes, and citations and adopt all alterations.

that Green was not trying to kill his victim. In other words, the district court was articulating why it believed that Green had, indeed, intended to kill the target. The circumstantial evidence firmly supports that conclusion. Video recording showed Green driving around the block to apparently scout the area immediately before the shooting and firing six shots in the direction of the intended victim, and bullet holes found in a nearby minivan were at a height where the bullets could have hit the victim. *See Kwong*, 14 F.3d at 194 (stating that a court is permitted to use circumstantial evidence to infer a specific intent to kill). Because the district court did not clearly err in finding that Green intended to kill the victim, it likewise did not commit any procedural error when calculating Green's Guidelines range.

As to substantive reasonableness, Green argues that his 100-month sentence is drastically higher than the average sentence imposed under § 2K2.1 for all defendants convicted of firearm offenses, which was 47 months in 2021. That is true, but irrelevant. Unlike most defendants convicted of a firearms offense, Green's offense conduct involved attempted first-degree murder. In 2021, the average sentence imposed under § 2A2.1—the Guideline for attempted first-degree murder—was 155 months, making Green's 100-month sentence under that section substantially below the average for comparable offense conduct. In no way, therefore, can Green's sentence be fairly described as so "shockingly high" that "allowing [it] to stand would damage the administration of justice." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012).

Lastly, Green argues that his conviction for being a felon in possession of ammunition under 18 U.S.C. § 922(g)(1) is unconstitutional under the Second Amendment in light of the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). But Green did not seek to raise this argument until after the government had filed its responsive brief. It was only then—when his reply brief was already due—that he belatedly sought

4

to assert the claim in what he styled a "supplemental brief."  The Court denied him permission to do so, and he raised the claim in his reply brief.  This Court has long held that "arguments not made in an appellant's opening brief are waived even if the appellant raised them in a reply brief," and we see no reason to depart from that position here.  *Estle v. Int'l Bus. Machs. Corp.*, 23 F.4th 210, 215 n.3 (2d Cir. 2022) (cleaned up).  As this Court previously noted, *Bruen* was decided on June 23, 2022, and Green did not file his opening brief until October 19, 2022, leaving sufficient time to address the application of *Bruen* in his opening brief.  *See* Motion Order, Dkt. No. 22-800, ECF No. 60.  By failing to raise the constitutional argument in a timely fashion, Green has waived it, and we therefore do not consider it here.

*       *       *

For the reasons stated above, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

5