11-1593-cr
United States v. Bouyea

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of July, two thousand twelve,

Present:     CHESTER J. STRAUB,
             ROSEMARY S. POOLER,
                      *Circuit Judges*.
             EDWARD R. KORMAN,[*]
                      *District Judge*.

---

UNITED STATES OF AMERICA,

                    *Appellee*,

            -v-                                              11-1593-cr

WAYNE BOUYEA, AKA SEALED DEFENDANT #1,

                    *Defendant-Appellant*.[**]

---

Appearing for Appellant:     Peter J. Tomao, Garden City, N.Y.

Appearing for Appellee:      Brenda K. Sannes, Lisa M. Fletcher, Assistant United States
                             Attorneys (of counsel) (Richard S. Hartunian, United States
                             Attorney for the Northern District of New York), Syracuse, N.Y.

---

[*] The Honorable Edward R. Korman of the United States District Court for the Eastern District of New York, sitting by designation.

[**] The Clerk of the Court is directed to amend the official caption of the case to conform to the caption shown above.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Wayne Bouyea appeals from his sentence in federal district court after pleading guilty to making violent threats and to possessing weapons as a convicted felon in violation of federal law. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Bouyea argues that the district court improperly departed upwards, pursuant to Section 4A1.3 of the U.S. Sentencing Guidelines, from the Guidelines' recommended sentencing range. "We review the district court's finding regarding the adequacy of the calculated criminal history for clear error and review the scope of the sentencing court's departure [under Section 4A1.3(a)(1) ] for reasonableness." *United States v. White*, 552 F.3d 240, 252 (2d Cir. 2009) (alteration in original) (internal quotation marks omitted). We do not believe that the district court's upward departure under Section 4A1.3 of the Guidelines was improper. We note only that this Court has made clear that certain convictions that would otherwise be too old to be considered in calculating a defendant's criminal history category, *see* U.S.S.G. § 4A1.1 cmt. n.1, "may be the basis for . . . a departure" under Section 4A1.3. *United States v. Reifler*, 446 F.3d 65, 112 (2d Cir. 2006) (citing *United States v. Delmarle*, 99 F.3d 80, 85 (2d Cir. 1996)).

Bouyea also argues on appeal that the district court's sentence was substantively unreasonable. *See generally* 18 U.S.C. § 3553(a); *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). "In reviewing the reasonableness of a sentence outside the Guidelines range, appellate courts may . . . take the degree of variance into account and consider the extent of a deviation from the Guidelines." *Gall v. United States*, 552 U.S. 38, 47 (2007). Here, the district court both departed upwards from the recommended Guidelines sentence and varied from the Guidelines framework as well. *See generally United States v. Stewart*, 590 F.3d 93, 137 n.32 (2009). We, however, are unable to conclude that the district court's sentence in this case was substantively unreasonable, in light of the need both to prevent Bouyea from being able to carry out his threatened acts of violence and also to protect the people he threatened.

Moreover, Bouyea's argument that the district court's explanation for the sentence was insufficient is without merit. *See generally* 18 U.S.C. § 3553(c); *Cavera*, 550 F.3d at 193 ("A district judge imposing a non-Guidelines sentence . . . should say why she is doing so, bearing in mind, once again, that a major departure [from the Guidelines] should be supported by a more significant justification than a minor one." (alteration in original) (internal quotation marks omitted)). We note only that the district court stated, among other things, at the sentencing hearing: "Fortunately, this tragedy was prevented, and I am going to do my best to see that it is prevented in the future and that you are not given the opportunity to fulfill what you said you were doing." In addition, the district court explained to Bouyea: "You oldest daughter is in college, and I don't want her to be looking around the corner or looking up at some buildings where you may be hiding with a firearm to kill her."

2

Finally, Bouyea argues that the district court erred by failing to respond to Bouyea's specific challenges to allegations that were included in the presentence report. Federal Rule of Criminal Procedure 32 makes clear that "[a]t sentencing, the court . . . must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3). While a "district court . . . may [comply with Rule 32] by adopting the recommendations of the presentence report," *United States v. Ahders*, 622 F.3d 115, 119 (2d Cir. 2010), in this context, we believe that the district court, in adopting the presentence report and the addendum, merely acknowledged that there were certain disputes outstanding but did not "rule on the dispute or determine that a ruling is unnecessary" in accordance with Federal Rule of Criminal Procedure 32(i)(3)(B).

Bouyea, however, failed to specifically object to the district court's failure to comply with Rule 32. We thus review the district court's failure to comply with Rule 32 for plain error, *see United States v. Wagner-Dano*, 679 F.3d 83, 94 (2d Cir. 2012), and conclude that the violation of Rule 32 in this case did not constitute plain error because Bouyea has not demonstrated that "the error affected . . . [his] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings." *United States v. Marcus*, 130 S. Ct. 2159, 2164 (2010) (internal quotation marks omitted); *see Wagner-Dano*, 679 F.3d at 94 ("[T]he burden of establishing entitlement to relief for plain error is on the defendant claiming it . . . ." (alteration and omission in original) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004)) (internal quotation marks omitted). Indeed, Bouyea himself acknowledges on appeal that "it is impossible to tell from the record to what extent [the disputed factual contentions in the presentence report] affected the sentence."

We have considered Bouyea's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk