UNITED STATES of America

v.

Wayne BOUYEA, Petitioner–
Defendant.

No. 5:10–CR–122.

United States District Court,
N.D. New York.

July 18, 2013.

Wayne Bouyea, White Deer, PA, pro se.

Richard S. Hartunian, United States Attorney, Lisa M. Fletcher, Esq., Asst. United States Attorney, Syracuse, NY.

### MEMORANDUM–DECISION and ORDER

DAVID N. HURD, District Judge.

### I. INTRODUCTION

Defendant Wayne Bouyea ("defendant" or "Bouyea") brings this motion under 28 U.S.C. § 2255 to correct, set aside, or vacate his sentence. The United States of America ("the Government") opposes. Defendant replied.[1] The motion was considered on submit.

### II. FACTUAL BACKGROUND

Bouyea's wife, Karen Bouyea ("Karen"), left him in November of 2009, relocating from upstate New York to North Carolina with their three daughters.[2] Defendant began calling Karen and sending threatening messages, which consisted of him threatening to kill her and the daughters.

Karen reported these threats to the police on February 16, 2010, providing them with a recording of a phone conversation with Bouyea from January 30, 2010. Defendant was arrested on February 17,

---

1. Bouyea has also filed a motion for leave to conduct discovery related to his § 2255 petition.

2. The eldest daughter is Bouyea's stepdaughter, the younger two daughters are his biological children.

2010, and charged with the state offenses of aggravated harassment, second degree (misdemeanor) and attempted coercion, first degree (felony). A temporary order of protection was issued against him. On February 20, 2010, the New York State Police executed a state search warrant at his residence and seized twenty firearms. On March 3, 2010, federal agents executed a federal search warrant at his residence, seizing printed emails concerning the custody battle between Karen and defendant and directions to the University of North Carolina, where the eldest daughter was attending school.

A federal criminal complaint was filed against Bouyea on March 3, 2010. On March 10, 2010, a grand jury in the Northern District of New York indicted him on seven counts of transmitting emails containing threats to injure other persons, in violation of 18 U.S.C. § 875(c) (2006). The state case was dismissed on April 12, 2010, in favor of federal prosecution.

On June 9, 2010, a superseding indictment was filed in the Northern District of New York charging Bouyea with seven counts of transmitting emails containing threats to injure other persons, in violation of 18 U.S.C. § 875(c) (2006) ("Counts One through Seven"), and one count of being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (2006) ("Count Eight"). On November 10, 2010, he pled guilty, without a written plea agreement, to all eight counts of the superseding indictment.

Defense counsel for Bouyea was Assistant Federal Public Defender Melissa Tuohey ("Ms. Tuohey"). During the plea hearing, defendant reported that he was satisfied with defense counsel's representations, and that she had advised him of his rights and answered any questions he had concerning the charges against him. The Government specified that the maximum term of incarceration for Counts One through Seven was five years, and the maximum for Count Eight was ten years. When asked if he realized the penalties that could be imposed as a result of a guilty plea, he answered: "Yes, I do." Plea Hr'g Tr., ECF No. 43, 21:21–24.

After a detailed explanation of how his sentence would be determined, Bouyea indicated that he still wanted to proceed with his plea of guilty. Ms. Tuohey then stated her experience as a public defender in federal court and explained that she had advised him of his rights, the nature of the charges, and the consequences of pleading guilty to those charges, as well as the fact that he understood all of this. Defendant's plea of guilty was accepted.

In their respective pre-sentence submissions, the Government and the probation department both recommended an upward departure from the applicable thirty to thirty-seven month guideline sentencing range due to Bouyea's specific actions, his past felony criminal convictions, and the fact that he threatened more than one victim on more than two occasions. Bouyea sought a sentence within the advisory guideline range of thirty to thirty-seven months. At the April 12, 2011, sentencing hearing, Ms. Touhey vigorously argued against an upward departure. Defendant was sentenced to sixty months on each of Counts One through Seven and 120 months on Count Eight, all to be served concurrently.

Bouyea filed a timely notice of appeal on April 18, 2011, contesting the upward departure from his criminal history category, arguing that there was an error in failing to respond to his specific challenges to factual allegations in the Presentence Report ("PSR"), and contesting the substantive reasonableness of his sentence. *United States v. Bouyea*, 479 Fed.Appx. 383 (2d Cir.), *cert. denied*, —— U.S. ——, 133 S.Ct.

566, 184 L.Ed.2d 368 (2012). The Second Circuit rejected his claims and affirmed the judgment on July 3, 2012. *Id.* Defendant now brings this § 2255 motion.

## III. *DISCUSSION*

Bouyea contends that he received ineffective assistance of counsel at both the pleading and sentencing stage. He also requests leave to conduct discovery pursuant to Rule 6 of the rules governing § 2255 proceedings, claiming that it will support his assertions of ineffective assistance of counsel. The Government argues that defendant produces no evidence that shows ineffective assistance of counsel, he does not assert any discoverable probative evidence not already in the record, and that he has already stated on the record that he has been satisfied with his legal representation.

### A. *Ineffective Assistance of Counsel*

Bouyea argues that but for his counsel's ineffective advice and explanations at both the plea bargaining and sentencing stage of his prosecution, he would not have received a ten-year prison sentence. He asserts that this representation violated his constitutional right to counsel and requests that his conviction be vacated and he be allowed to plead guilty to the charges under a new plea agreement with a lower sentence. The Government argues that defendant fails to show any evidence that his counsel's representation fell below a reasonable standard and he has no basis on which to rest his assumption that he would have received a better plea offer had he been represented differently.

There is a high standard for Bouyea to meet in order to show that he suffered from ineffective assistance of counsel. *United States v. Gaskin,* 364 F.3d 438, 468 (2d Cir.2004) ("A defendant seeking to overturn a conviction on the ground of ineffective assistance of counsel bears a heavy burden."). A defendant seeking to overturn his conviction based on ineffective assistance of counsel must demonstrate both: "(1) that his attorney's performance fell below an 'objective standard of reasonableness'[;] and (2) that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Kieser v. New York,* 56 F.3d 16, 18 (2d Cir.1995) (quoting *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984)). Applying this standard to counseled guilty pleas, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.' " *Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985) (quoting *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970)). However, even if the defendant can cast doubt on the competence of representation he must still " 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Id.* at 57, 106 S.Ct. 366 (quoting *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068).

Bouyea argues that Ms. Tuohey gave him ineffective advice and explanations at both the plea bargaining and sentencing stage of his prosecution. He also claims that she assured him that he would receive no more than eighteen months of incarceration. He does not deny that defense counsel disputed several of the factual allegations contained within the PSR on his behalf during the sentencing hearing. He instead alleges she failed to allow him to submit probative evidence to dispute the factual allegations, concurred with the thirty to thirty-seven month guideline recommendation from the PSR, and did not ob-

ject to the eventual 120–month sentence. These arguments are unpersuasive. Despite defendant's assertions to the contrary, the record shows that defense counsel filed timely objections to the factual allegations in the PSR and made the assertions defendant wished her to make.

Moreover, the Government claims it had drafted a proposed written plea agreement, containing stipulations for the guideline enhancements as well as waivers of appeal and collateral attack. Bouyea, however, informed Ms. Tuohey that he would not agree to a plea deal with stipulations, and he thus rejected the offer. The discussion he had with his attorney and the fact that he voluntarily rejected a plea deal defeats defendant's assertions that she did not advise him during the pleading stage and that he would have received a more favorable offer with a lesser sentence but for defense counsel's representation.

Bouyea has not rebutted the clear showing in the record that Ms. Tuohey gave him reasonably prudent legal advice and that he was satisfied with her counsel. He did not express dissatisfaction until his sentence of 120 months was handed down—a potential sentence he stated on the record he knew was possible.

In addition, he offers no potential evidence that more effective counsel would have led to a lesser sentence; and he does not make a showing that any ineffective assistance by Ms. Tuohey prejudiced him during the proceedings. A defense attorney can object to the factual allegations of a PSR and advocate for a specific sentence, as she did, but a court is not obligated to follow counsel's recommendation. Nor is a court bound by the plea agreement because the court is not a party to the agreement.

Bouyea also does not produce any evidence showing that Ms. Tuohey promised him a sentence of no more than eighteen months. His statements in court do not reflect a defendant that is dissatisfied with his representation, and he offers no evidence to explain why he did not voice his concerns during the plea or sentencing hearings. He also affirmed in court that he understood that he could potentially receive the statutory maximum of 120 months.

In short, Bouyea has failed to show that Ms. Tuohey's performance fell below an objective standard of reasonableness. Her objections to the PSR and her negotiation of the original plea deal was reasonable. The ultimate decision to reject the Government's initial offer was made by defendant. Finally, he readily admits his guilt. *See* Plea Hr'g Tr. 11–13. Therefore, it is not reasonably probable that a different approach by defense counsel would have resulted in a different outcome. Accordingly, defendant's motion to correct, set aside, or vacate his sentence will be denied.

### B. *Leave to Conduct Discovery*

Bouyea also seeks leave to conduct discovery for material relevant to his ineffective assistance of counsel claim.

Pursuant to Rule 6(a) of § 2255 proceedings, a § 2255 movant "is entitled to undertake discovery only when 'the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.' " *Pizzuti v. United States,* 809 F.Supp.2d 164, 176 (S.D.N.Y.2011) (quoting *Lewal v. United States,* 152 F.3d 919, 1998 WL 425877, at *2 (2d Cir.1998) (summary order)).

Bouyea has presented a list of allegations that he states he will be able to prove once discovery is allowed and he can assemble the probative evidence. These allegations include assertions that the guns he was convicted of possessing were planted on his property, his wife initially began

the communications that led to his threats, his wife was not even in North Carolina at the time he made the threats (suggesting they were not interstate), and that he only assembled driving directions in order to go collect his daughters as part of the custody dispute he was having with his wife.

The Government correctly argues, however, that the factual allegations he has raised are contradicted by the record and Bouyea's own admissions and statements. Defendant has failed to allege that there exists evidence for him to discover that will prove his assertions and entitle him to relief. Rule 6(a) allows for the denial of discovery if a movant has failed to satisfactorily prove that there exists evidence which will entitle him to relief. *See Martin v. United States*, 834 F.Supp.2d 115, 139 (E.D.N.Y.2011), *reconsideration denied*, 2012 WL 397663 (E.D.N.Y. Feb. 7, 2012). Rule 6 does not allow "fishing expeditions based on a petitioner's conclusory allegations." *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir.2004) (internal quotation marks omitted). Accordingly, defendant's motion for leave to seek discovery will be denied.

## IV. *CERTIFICATE OF APPEALABILITY*

In order to appeal this order, defendant must first obtain a Certificate of Appealability. *See* 28 U.S.C. § 2253(c) (2006). Such a certificate will only be issued when "the applicant has made a substantial showing of the denial of a constitutional right." *Id.* Having failed to make a showing that he was denied any of his constitutional rights, Bouyea will not be issued a Certificate of Appealability.

## V. *CONCLUSION*

Bouyea fails to show he received ineffective assistance of counsel as the record indicates he was cognizant of the statutory

maximums for the crimes he was pleading guilty to and he conducted discussions with his attorney regarding any potential plea deals that the Government offered. The fact that these claims arose after his voluntary plea and subsequent sentencing lends support to the Government's claim that he is going through the legal equivalent of "buyer's remorse." *Yick Man Mui v. United States*, 614 F.3d 50, 57 (2d Cir. 2010). In addition, he fails to show that any alleged errors made by his attorney altered the outcome of his case. Defendant also fails to show that there is any additional evidence that would entitle him to relief if he is given leave to conduct discovery.

Therefore, it is

ORDERED that

1. Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED;

2. Defendant's motion for leave to conduct discovery is DENIED; and

3. A Certificate of Appealability will not be issued.

IT IS SO ORDERED.